## The Culver Construction Company v. Ernest F. McCormack, by next friend.

1. ORDINARY CARE—*what failure to exercise.* Where the danger to the plaintiff was visible and such that no warning was needed to call it to his attention, and where in placing himself in the position in which he did prior to his injury he violated the plainest laws of nature, laws learned in childhood, he is guilty of contributory negligence.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1903. Reversed. Opinion filed June 28, 1904.

BROWN, WHEELER, BROWN & HAY and W. M. PROVINE, for appellant.

SHUTT & GRAHAM, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is an action on the case by appellee McCormack for

personal injuries received by him while in the employment of appellant. On June 9, 1902, McCormack and one Ed. Patrick were engaged in removing large stones from a flat car. In unloading the stones an electric crane was used. The stones had holes in each end and grab-hooks were attached to a chain which was carried by the crane; the hooks were put into the holes in the stone, the stone lifted from the flat car, and carried to the place where it was to be deposited on the ground or piled on top of others. The business of McCormack and Patrick was to put the grab-hooks in the holes, and when the stone was brought to the proper place put thin strips of wood under and near each end, on which the stone should rest, McCormack placing a strip at the east end and Patrick at the west end, and then, upon a signal given by Patrick, the stone was lowered to its place by the operator of the crane. At the time of the injury, a stone about nine feet long, three feet wide and fourteen inches thick had been carried by the crane and hung over the place of deposit and about a foot above a stone that had been already deposited. Patrick put his strip of wood in place near the west end of the stone, McCormack placed his left hand on top of the stone which lay under the overhanging stone, stooped down to see just where to place his strip, when the stone fell and crushed his hand so badly that amputation became necessary. Plaintiff was between twenty and twenty-one years of age at the time of the accident.

Divers questions are presented and argued by counsel, but in the view we are compelled to take of this case it is unnecessary to notice more than one. Was the plaintiff in the exercise of due care for his own safety? The theory of plaintiff is that the stone broke by its own weight while hanging in the air, by reason of its being seamed, rotten and weak; defendant's theory is that the stone fell because the hook which McCormack put in the hole came out, and that it came out because McCormack did not put it in the hole properly, and that the stone broke by its impact with the one underneath. In our judgment it makes no differ-

ence which of these theories may be the correct one. The proper performance of the work which the plaintiff had to do, did not require him to place his hand where he put it, nor to place it upon the under stone at all; that place was manifestly a place of danger. It is undoubtedly true, as he states on his cross-examination, " I never thought about it, at all." He would not have put his head between those stones for any possible purpose connected with his work; the danger would have occurred to him instantly; but thoughtlessly, unnecessarily and, as the law says, negligently, he placed his hand there. He put his hand on the upper face of the stone to steady himself while stooping down to see where to place the strip. The fact was, as he says, that he put both hands on the under stone but jerked his right hand out in time to save it. The danger was visible, patent; no information, instruction or warning was needed to call it to his attention. The plainest laws of nature, laws which are learned in childhood, declared the danger and gave the warning. Manifestly it would be dangerous, it would be gross carelessness, for a man to stand unnecessarily under a heavy stone suspended in the air from a crane. For plaintiff unnecessarily to put his hand under this stone was as obviously dangerous to his hand as in the case supposed it would be to his life, and in either case it would be negligence. But for that negligence the injury to him would not have occurred. It is not claimed nor is there any ground for claiming that defendant was guilty of gross, wilful, wanton negligence. In such case there can be no recovery.

The judgment will be simply reversed.

*Reversed without remanding.*

Finding of facts, to be incorporated in the judgment of the court :

We find that appellee failed to use ordinary care and caution for his own safety; was guilty of negligence, in consequence of which he received the injury of which he complains.